UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| KIRK LANCE,<br><br>      Plaintiff,<br><br>vs.<br><br>ANCHORAGE LAUNCH SERVICE CO., IN PERSONAM; M/V TRIUMPH V, OFFICIAL NUMBER 529680, HER ENGINES, MACHINERY APPURTENANCES AND CARGO, IN REM,<br><br>      Defendants. | Case No.<br><br>AT LAW AND AT ADMIRALTY<br><br>**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916** |

COMES NOW the plaintiff and complains of the defendants alleging upon information and belief as follows:

    1.    Plaintiff, Kirk Lance, brings and maintains this action pursuant to 28 U.S.C. § 1333; 46 U.S.C. §§ 30103 and 30104 – the Jones Act; U.S. Const. Art. III, sec. 2, and the general maritime law.

    2.    Plaintiff is a resident of Oregon.  The *in personam* defendant conducts business in the Western District of Washington.

SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 1
CASE NO.

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012

3. Plaintiff is a seaman and a ward of this Court and elects to take advantage of the provisions of 28 U.S.C. § 1916 to proceed without prepayment of costs or fees.

4. Defendant herein, Anchorage Launch Service Co., is a corporation existing under and by virtue of the laws of a state or states unknown to plaintiff and at all times herein mentioned was acting by and through its officers, agents, servants, employees and representatives, and has a principal place of business or is doing business in the Western District of Washington.

5. The M/V Triumph V is a moorage-assist vessel documented by the United States, official number 529680. Said vessel has her home port in the Western District of Washington or will be found in the Western District of Washington during the pendency of this action. During all times herein mentioned said vessel was owned or bareboat chartered by the defendant and was engaged in maritime commerce.

6. At all times herein mentioned, plaintiff was employed by the defendants as a member of the crew, in the service of said vessel and was at all times acting within the course and scope of his duties as deckhand in furtherance of the mission of said vessel.

7. During November 2020 while said vessel was in navigable waters adjacent to Kalama, Washington, plaintiff's arm was trapped between a piling and the defendant vessel, trapping and crushing his arm. He did thereby sustain severe, painful and disabling injuries to his arm, and other injuries not fully known at this time. Plaintiff prays leave to amend this complaint when the full extent of injuries and disabilities is ascertained.

8. Said injuries, disabilities, and damages were directly and proximately caused by the unseaworthiness of the vessel; the negligence, in whole or in part, of the defendants and their agents, servants and employees; and the failure of the defendants to provide a reasonably safe

SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 2
CASE NO.

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington 98199
T (206) 729-5252 ♦ F (206) 729-1012

place to work, in one or more of the following respects: The Captain's negligent handling of defendant vessel caused the plaintiff's arm to be trapped and crushed against a piling.

9. As a direct and proximate result of the foregoing, plaintiff was caused to and did incur reasonable charges for medical care and attention. Plaintiff does not know the reasonable value of said medical care and attention already rendered or to be rendered in the future and therefore, prays leave to amend this complaint to show the same.

10. As a further result of the foregoing, plaintiff was rendered unable to engage in his normal and usual occupation for a period of time. Plaintiff may later be unable to engage in his normal and usual occupation and prays leave to amend this complaint to allege the full extent of said loss when the same is ascertained.

11. Plaintiff demands maintenance from the defendants in a per diem amount to recuperate on land, with room and board at least equal to that received on defendant's vessel, until the plaintiff reaches maximum cure or until the plaintiff is declared fit for duty, whichever last occurs. Plaintiff further demands the actual cost of cure until the plaintiff fully cured, and if never cured, plaintiff demands the cost of cure for the remainder of plaintiff's natural life.

12. Maintenance and cure has been demanded and not paid. The failure to pay maintenance and cure has caused additional damages to the plaintiff whether or not the failure to pay was reasonable under the circumstances. Plaintiff is entitled to compensatory damages – including contingent attorney fees – for the negligent failure to pay maintenance and cure. Plaintiff is entitled to reasonable attorney fees for the arbitrary and capricious failure to pay maintenance and cure. Plaintiff is entitled to punitive damages for the willful and wanton failure to pay maintenance and cure.

SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 3
CASE NO.

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012

13. Plaintiff is entitled to earned and/or unearned wages (including bonuses and overtime) for his contemplated period of employment. Said wages have been demanded and denied. Plaintiff is entitled to double wages under state law and punitive damages under federal law.

14. Eighty-nine (89) days following the filing of this action, plaintiff waives the physician-patient privilege, under protest, and only on condition that the Court holds that a waiver is required in this case. This waiver is made pursuant to RCW 5.60.060(4)(b), as amended by Chapter 305, Laws of 1986; as limited by the civil discovery rules. Specifically, plaintiff authorizes no ex parte contacts or inquiry to medical personnel regarding matters not reasonably calculated to lead to the discovery of admissible evidence. This waiver is made subject to plaintiff's challenge to the constitutionality of RCW 5.60.060(4)(b) on privacy grounds, and the applicability of said statute to federal causes of action brought in federal court.

WHEREFORE, plaintiff prays judgment against the defendants as follows:

1. For a declaration that the plaintiff holds claim to a preferred maritime lien against the defendant vessel, her engines, machinery, appurtenances and cargo;

2. For arrest, condemnation and sale of the defendant vessel including her engines, machinery, appurtenances and cargo;

3. For general damages, including damages for loss of consortium, as are reasonable and fair;

4. For such special damages, including found, as may be shown by the proofs herein;

SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 4
CASE NO.

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington 98199
T (206) 729-5252 ♦ F (206) 729-1012

5. For maintenance and cure, and for consequential and punitive damages for failure to pay same;

6. For earned and/or unearned wages and double wage penalties;

7. For pre-judgment interest on all claims as is in the law provided;

8. For costs of suit and reasonable attorney fees;

9. For such other and further relief, including punitive damages, as is met and just in the circumstances.

Dated this 4th day of February, 2022.

LAW OFFICE OF JOHN MERRIAM

By: */s/ John W. Merriam*
John W. Merriam, WSBA #12749
4005 20th Avenue West, Suite 110
Seattle, WA   98199
Telephone:  (206) 729-5252
Fax:  (206) 729-1012
Email:  john@merriam-maritimelaw.com
*Attorney for Plaintiff*

I am the attorney for the plaintiff in this action and have knowledge of the matters asserted in the above complaint based upon information provided by the plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the allegations of the above complaint are true and correct to the best of my knowledge and belief.

DATED at Seattle, Washington this 4th day of February, 2022.

*/s/ John W. Merriam*
John W. Merriam

---

SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 5
CASE NO.

**JOHN W. MERRIAM**
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012